———o———

## JOHN A. SMITH vs. PONTCHARTRAIN LAND CO.

### Syllabus.

1. The placing in possession by judgment of Court under a tax statute, the going on the property with a surveyor who points out the measurements, the placing of a rent sign on the same and the payment of subsequent taxes, taken together, are sufficient to constitute a beginning of corporeal or physical possession of property.

2. The actual possessor, having proved that he went into possession in October, 1894, and was still in possession in 1901 and 1905, will be presumed to have been in possession in the intermediate time. Possession once proven to exist is presumed to continue.

3. A possession in good faith as owner under a just title translative of property is sufficient to sustain the prescription of ten years *acquirendi causa*.

4. A possessor under a tax title valid in form and not defective on its face cannot be deprived of the right to plead prescription because he might by careful examination have discovered that his vendor had no title.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 93,705. Hon. E. K. Skinner, Judge.

Henriques & Duchamp, W. S. Parkerson, S. Parkerson, for plaintiff and appellee.

Hall, Monroe & Lemann, for defendant and appellant.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

This action, being a petitory one, admits present possession in the defendant.

Plaintiff's title, acquired in April, 1905, finds its origin, through mesne conveyance, in a tax sale in May, 1893, under Act 85 of 1888, for taxes of 1890, 1891 and 1892, under an assessment in the name of Ensminger.

That this sale was defective because the assessment was in the name of a dead man and no notice of intended sale was given is admitted by plaintiff, whose present, claim is that these defects are cured by the prescription of three years under Art. 233 of the Constitution of 1898.

There appears to have been a dual assessment of the property from as far back as 1874 and the defendant's tax titles rest upon tax sales under an assessment in the name of Conery who never owned the property.

The first title is based on an adjudication to Griffith, defendant's author, of date June 21st, 1894 for taxes from 1872 to 1878, both inclusive under Act 82 of 1884.

The second title is by purchase by defendant from the State under Act 80 of 1888, for taxes of 1883.

These sales were not valid because based on assessments in the name of a dead man and also because the taxes for which the property was sold to the State had been previously paid.

Apparently conceding this, defendant, in support of its claim, urges the prescription of ten years acquirendi causa.

The issue is a clean cut one between the plaintiff who claims that his constructive possession of three years

under his recorded title has barred his title from attack, and defendant who asserts that it has held corporeal possession of the property for more than ten years in good faith under a just title translative of property from one honestly believed to be the owner.

On September 12th, 1894, the Pontchartrain Land Company, alleging its purchase of the property in controversy from John H. Griffin, obtained from the Civil District Court, in accordance with Sec. 4 of Act 82 of 1884, an order on the Civil Sheriff commanding him to seize the property and, after three days' notice of such seizure to either the former owner or the occupant, or after posting same if the property be vacant, to put the company into actual possession, of the property.

The Sheriff's return on this order shows a demand on one Patrick Burke for possession, a public posting of the notice to vacate after failure to find Burke or any one authorized to represent him, and a seizure by recordation in the Mortgage Office on September 19th, 1894.

The return also declares that, on October 20th, 1894, the Sheriff placed the company in full possession of the property and obtained a receipt for so doing.

Mr. Forman, who exclusively attended to the business of the company as secretary, treasurer and attorney, says that, shortly before or after the filing of the possession proceeding, he got Mr. Edgar Pilie, a competent surveyor, to point out the property and took a man with him to drive stakes in the ground, and he put a sign on it two feet long and eighteen inches wide with the inscription on it; "for sale, apply to B. R. Forman, No. 126 Carondelet."

From 1894, the company paid the taxes which were assessed in its name.

All of these circumstances taken together are sufficient to constitute a beginning of corporeal or physical possession of a determinate tract bearing a municipal square

number by one claiming to be the owner and vendee by mesne conveyance of the tax debtor.

In the absence of proof to the contrary, **ommia rite acta** obtains as to the regularity and validity of the proceedings.

It further appears that, in 1901, the property was leased from the company by one Duvall who cultivated it as a truct farm, and that Mr. Wogan, in December, 1905, was employed to build and did build a fence around it.

The actual possessor, having proved that he went into possession in October 1894, and was still in possession in 1901 and 1905, will be presumed to have been in possession in the intermediate time. Possession once proven to exist is presumed to continue. R. C. C., 3492.

We are of opinion that defendant's physical possession prevented the accruing of the constitutional prescription of three years protecting plaintiff's title from attack.

But, even should we hold that plaintiff's title had been cured by prescription because the adverse possession was not by the tax debtor (which plaintiff claims is required by the jurisprudence), the defendant's plea of prescription of ten years **acquirendi causa** must be maintained.

In October, 1894, defendant was put in possession under judgment of Court justified by the governing tax statute, the tax title derived from one believed to be the owner was translative of property on its face and legally presumed to be valid. There is a presumption of good faith, unrebutted by any evidence in this case. The possession was corporeal in its beginning and has since been continuous, uninterrupted, peaceable, public and unequivocal. The tax deed was valid in form and not defective on its face and the possessor cannot be deprived of the right to plead prescription because he might by careful examination have discovered that his vendor had no title.

R. C. C., 3478, et seq; 38 An., 216; 113 La., 52; 118 La., and cases therein cited.

The defendant's plea of prescription of ten years must be maintained.

The judgment appealed from is reversed, plaintiff's demand is rejected and judgment is now rendered quieting defendant in the ownership and possession of the following described property:

A certain piece or portion of ground with all rights, etc., thereto belonging, situated in the First District of this city in square No. 507, bounded by Thalia, South Gayoso, South Salcedo and Melpomene, Tail, Race as per sketch annexed to the margin of an act passed before J. A. Cahill, notary public, April 14th, 1905.

It is further ordered that plaintiff pay costs of both Courts.

Reversed.

Opinion and decree, May 5th, 1913.

Rehearing refused, June 23rd, 1913.

Writ denied, October 13th, 1913.